| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THE FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NO.: 2014 – CP- 26 – 5410 |
| ) | |
| AIMEE SMITH, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | (JURY TRIAL DEMANDED) |
| v. ) | |
| ) | |
| WILD WATER VENTURES, LLC and ) | |
| WILD WATER & WHEELS, INC ) | |
| ) | |
| Defendants. ) | |

TO: DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto on the subscribers at their office located at 321 East Bay Street, Post Office Box 22437, Charleston, South Carolina 29413, within thirty (30) days of the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will move for entry of Default Judgment and apply to the Court for the relief sought therein.

PIERCE, HERNS, SLOAN & WILSON, LLC
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413
(843) 722-7733

Allan P. Sloan, III
Ryan K. Miller
Benjamin C. Smoot, II
*Attorneys for the Plaintiff*

_____, 2014
Charleston, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THE FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NO.: 2014 – CP – 26 – |
| ) | |
| AIMEE SMITH, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (JURY TRIAL DEMANDED) |
| v. ) | |
| ) | |
| WILD WATER VENTURES, LLC and ) | |
| WILD WATER & WHEELS, INC., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Aimee Smith by and through her undersigned attorneys and complaining of the above-named Defendants comes now to allege and show unto the Court the following:

## PARTIES

1.  Plaintiff Aimee Smith ("Smith") is a citizen and resident of Seminole County, Florida.

2.  Defendant Wild Water Ventures, LLC is a limited liability company organized under the laws of South Carolina in Horry County, South Carolina with its principal place of business in Horry County, South Carolina and is doing business in Horry County, South Carolina.

3.  Defendant Wild Water & Wheels, Inc. is a corporation organized under the laws of Horry County, South Carolina in Horry County, South Carolina with its principal place of business in Horry County, South Carolina and is doing business in Horry County, South Carolina.

1

## JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction over the claims in this lawsuit under article V § 11 of the South Carolina Constitution and South Carolina Code Ann. § 14-5-350.

5. The Court has personal jurisdiction over Defendants because they all transact business in Horry County, South Carolina.

6. Venue is proper in this circuit under South Carolina Code Ann. § 15-7-30 because Defendants do business in Horry County, South Carolina and the acts and omissions that are the subject of this action occurred in Horry County, South Carolina.

## FACTS

7. On June 23, 2014 Smith entered Wild Water & Wheels Water Park ("Wild Water") a water and amusement park owned and operated by Defendants in Surfside Beach, South Carolina.

8. Smith entered Wild Water with her husband, children and family friends who were authorized by Defendants to use and enjoy the waterslides and other attractions at Wild Water for their amusement and recreation.

9. Smith and her family were in Horry County for a week-long vacation through the week of June 23.

10. Smith and her family selected to ride the "Free Fall Cliff Dive" waterslide at Wild Water. The slide is simultaneously operated with another slide, the "Triple Dip" waterslide that shares the same platform as the "Free Fall Cliff Dive" waterslide.

11. When Smith selected to ride the "Free Fall Cliff Dive" waterslide it was being managed by two Wild Water employees. One employee was stationed at the top of the waterslide. Another was stationed at the bottom of the waterslide. The employees were

2

responsible for concurrently monitoring patrons on the "Free Fall Cliff Dive" waterslide and the "Triple Dip" waterslide.

12. Smith entered the "Free Fall Cliff Dive" waterslide and proceeded to ride down the slide feet-first with her arms crossed in front of her body.

13. As Smith completed her ride down the slide she was struck in the back of her head by another Wild Water patron coming down the slide behind her.

14. The patron struck Smith's head feet-first at a high rate of speed.

15. After the impact the patron stated multiple times to Smith and her family that "the guy told me to go." The patron was referring to the Wild Water employee stationed on the platform at the top of the "Free Fall Cliff Dive" waterslide.

16. The Wild Water employee stationed at the bottom of the "Free Fall Cliff Dive" waterslide motioned up towards the employee on the platform and admonished him for failing to control patrons on the "Free Fall Cliff Dive" waterslide.

17. As a result of the impact of the patron's feet with Smith's head, Smith was severely injured. Once she was able to leave the slide she went to a first-aid station at Wild Water to receive medical treatment and assistance.

18. The attendant at the first-aid station did not offer Smith medical assistance. Smith wrote her name and contact information onto a sheet of paper and received some ice-chips from the attendant.

19. Smith suffered intense pain in her head and neck. She was subsequently diagnosed with a neck fracture.

20. Smith continues to treat for her severe injuries and suffers from continuous pain in her head and neck.

## FOR FIRST CAUSE OF ACTION
### Negligence/Gross Negligence

21. Smith incorporates all allegations contained in the paragraphs above into this cause of action.

22. Defendants are professionals in the operation and ownership of a waterpark open to members of the general public and owe a duty to their patrons including Smith to discover risks and take safety precautions to warn of or eliminate unreasonable risks, to wit:

   a. to exercise ordinary care to keep and maintain the premises at Wild Water in a reasonably safe condition;

   b. to establish adequate protocol to prevent collisions between and among patrons on the premises;

   c. to provide written instructions and warnings on the "Free Fall Cliff Dive" waterslide for patrons;

   d. to train employees and to adequately staff attendants at the "Free Fall Cliff Dive" waterslide so as to control patron use of the waterslide at all times;

   e. to have in place a safety coordinator on the premises as defined by S.C. Code Ann. § 41-18-40(11) to oversee and ensure the safety of all amusement devices and water slides at Wild Water including the "Free Fall Cliff Dive" waterslide;

   f. to include physical barriers at the entrance of its slides including the "Free Fall Cliff Dive" waterslide in order to regulate access to slide entry tubes;

   g. to protect patrons from injuries inflicted by other patrons;

   h. to comply with all permitting requirements and local, state, and federal laws and regulations including S.C. Code Ann. 41-18-10 *et seq.*;

   i. to report, document, and provide treatment for patrons' injuries at Wild Water;

   j. inspect and supervise the premises so as to prevent unreasonably dangerous conditions from occurring and to appropriately respond when dangers do arise; and

   k. to create an environment where patron safety is not compromised and/or threatened at Wild Water.

4

23. Defendants breached their duty to Smith by recklessly, willfully, and wantonly failing to discover risks and take appropriate precautions to ensure Smith's safety, namely by:

    a. failing to establish appropriate protocol for the operation of the "Free Fall Cliff Dive" slide to prevent collisions between waterslide divers;

    b. failing to keep the "Free Fall Cliff Dive" waterslide in a reasonably safe condition for patrons;

    c. failing to provide written instructions and warnings on the "Free Fall Cliff Dive" waterslide for patrons;

    d. failing to train employees and to adequately staff competent attendants at the "Free Fall Cliff Dive" waterslide capable of ensuring the safe and successful operation of the slide without injury to patrons;

    e. failing to include physical barriers at the entrance of its slides in order to regulate access to slide entry tubes on high-speed slides including the "Free Call Cliff Dive" waterslide;

    f. failing to comply with permitting and licensing requirements and local, state, and federal laws and regulations including S.C. Code Ann. 41-18-10 *et seq.*;

    g. failing to protect patrons from injuries inflicted by other patrons;

    h. failing to enforce any and all internal or industry procedures governing patron use of a waterslide at a water park, namely the "Free Fall Cliff Dive" waterslide at Wild Water;

    i. failing to have in place a safety coordinator as required under South Carolina law who ensures and oversees the safety of patrons on the "Free Fall Cliff Dive" waterslide;

    j. failing to report, document, and provide treatment for Smith's injuries;

    k. establishing and fostering an environment where patron safety is compromised and threatened; and

    l. by any other particulars as discovery will reveal.

24. Given the breach of duties by Defendants and the collision described above, Smith's resulting injuries were entirely foreseeable, and Defendants should have anticipated the collision based on what they knew or should have known.

25. Smith was acting in a reasonably prudent and careful manner at all times pertinent hereto.

26. The willful, wanton, reckless, grossly negligent, and negligent acts and omissions of Defendants directly, proximately, factually, and legally caused the collision described above, and Smith's resulting grievous injuries and her pain and suffering.

27. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omission of Defendants, Smith suffered conscious pain and suffering, physical harm and injury, permanent impairment, lost wages and other damages.

28. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendants as set out above, Smith is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

### FOR A SECOND CAUSE OF ACTION
Negligent Hiring, Retention, and Supervision

29. Smith incorporates all allegations contained in the paragraphs above into this cause of action.

30. Defendants owed a non-delegable duty to Smith not to negligently hire, retain, or supervise employees incapable of complying with internal and industry protocols and procedures for patron safety at Wild Water.

31. Defendants failed to properly review, interview, or interact with the employees who were managing the "Free Call Cliff Dive" water slide at the time Smith was using it prior to hiring them as employees at Wild Water.

32. Defendants knew or should have known that the employees managing the "Free Fall Cliff Dive" water slide at the time Smith was using it lacked the proper training, experience, and ability to comply with internal and industry water-park patron safety protocols and procedures as well as state and federal laws and regulations.

33. Defendants knew or should have known that the employees managing the "Free Fall Cliff Dive" water slide at the time Smith was using it were inexperienced, lacked training, and were unable to comply with internal and industry protocols and procedures as well as state and federal laws and regulations.

34. Defendants failed to properly supervise and train the employees managing the "Free Fall Cliff Dive" water slide at the time Smith was using it before she visited Wild Water on June 23, 2014, specifically with regard to controlling and managing patrons' use of the waterslides for patron safety and protection.

35. Defendants allowed the employees managing the "Free Fall Cliff Dive" water slide at the time Smith was using it to continue to work at Wild Water without the most basic training for patron safety and protection.

36. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent, and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Defendants in the following particulars:

    a. In failing to train its employees/agents in any manner;

    b. In failing to properly train its employees/agents in a reasonable manner;

c. In hiring the employees managing the "Free Fall Cliff Dive" water slide at the time Smith was using it, when they know or should have known that they were likely to cause injury to patrons such as the injury described in this Complaint;

d. In failing to adequately train the employees managing the "Free Fall Cliff Dive" water slide at the time Smith was using it how to properly supervise patrons on the "Free Fall Cliff Dive, one of the most dangerous slides at Wild Water;

e. In failing to adequately supervise the employees managing the "Free Fall Cliff Dive" water slide at the time Smith was using it;

f. In failing to have its employees and agents properly perform their duties pursuant to internal and industry protocols and procedures;

g. In negligently retaining its employees and agents;

h. In the failure of Defendants to have or follow policies and procedures to monitor employees/agents managing the water slides at Wild Water for patrons' safety;

i. In the failure of Defendants to have or follow policies and procedures to ensure that an incident, such as the incident described above that caused injury to Smith, does not occur;

j. In the failure of Defendants to have in place and enforce policies or procedures to adequately address the actions and conduct of their employees;

k. In the failure of Defendants in hiring and retaining negligent and grossly negligent employees;

l. In failing to appreciate the gravity and seriousness of hiring and retaining a negligent and grossly negligent employees;

m. In the failure of Defendants to have or follow policies and procedures to ensure that a negligent and grossly negligent employee was not managing patrons safety on the "Free Fall Cliff Dive;"

n. In the failure of Defendants to have in place appropriate policies and procedures to ensure compliance with the South Carolina Code;

o. In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the circumstances then and there prevailing; and

p. In such other and further particulars as the evidence at trial may show.

8

37. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omission of Defendants, Smith suffered conscious pain and suffering, physical harm and injury, permanent impairment, lost wages and other damages.

38. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendants as set out above, Smith is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

WHEREFORE, Smith prays for the following:

   i. Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

   ii. For the costs of this action including interest from the date of filing of this Complaint, and a reasonable attorney's fee be taxed against Defendants; and

   iii. For such other and further relief as this court deems just and proper.

PIERCE, HERNS, SLOAN & WILSON, LLC
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413
(843) 722-7733

Allan P. Sloan, III
Ryan K. Miller
Benjamin C. Smoot, II
*Attorneys for the Plaintiff*

_____, 2014
Charleston, South Carolina